UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | |
| v. § | No. 1:24-CR-00072-RP |
| § | |
| **(1) CECIL WESLEY LEARY III,** § | |
| *Defendant* § | |

# ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have considered the evidence and proffers presented during the hearing, the pleadings on file, the recommendation of Pretrial Services, and the four factors set out in the Bail Reform Act, 18 U.S.C. § 3142(g). In light of all of this, I find that the record establishes by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The reasons for my decision include, in particular:

- the nature and circumstances of the offense charged, in particular, possession with intent to distribute fentanyl, which is known to be an especially dangerous (and often lethal) controlled substance;

- the weight of the evidence against the person, including Defendant's own admissions, fentanyl pills seized from Defendant during multiple arrests, and evidence of controlled law-enforcement purchases of fentanyl from Defendant;

- the history and characteristics of the person, including Defendant's lack of legitimate employment; his recent and prior drug-abuse history; his criminal history (including multiple assault convictions and numerous convictions related to controlled-substance possession and distribution); his history of having probation revoked; and the fact that his present charge

1

- arose while Defendant was on release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law;

- the nature and seriousness of the danger to any person or the community that would be posed by the person's release, including his history of violence and his choice to continue to deal a deadly controlled substance in circumstances in which he knew or should have known that he was under investigation for such distribution; and

- finally, the operation of the presumption in 18 U.S.C. § 3142(e)(3) that detention is needed because the crime charged is a narcotics offense for which the maximum penalty is ten years or more (which, even when rebutted, remains as a factor for the Court's consideration).

This record establishes by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

## DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SIGNED June 5, 2024.

                                            DUSTIN M. HOWELL
                                            UNITED STATES MAGISTRATE JUDGE